## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

LANCE EALY,

                         Petitioner,             :     Case No. 2:24-cv-4109

       - vs -                                District Judge Algenon L. Marbley
                                              Magistrate Judge Michael R. Merz

WARDEN, London Correctional
   Institution,

                                        :
                     Respondent.

## DECISION AND ORDER STAYING PROCEEDINGS PENDING
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

This is a habeas corpus case pursuant to 28 U.S.C. § 2241 brought *pro se* by Petitioner Lance Ealy to obtain his release from custody at Alvis House.  Ealy purports to be a federal inmate permitted to serve part of his sentence in community control at Alvis House until his release to home confinement in September, 2024.  Ealy does not list his case number in federal court. Assuming it was this federal court, it is presumably Case No. 3:15-cr-080.

Ealy alleges he has a pending appeal of the order removing him from home confinement to residential confinement at Alvis House.  He asserts he is entitled to immediate habeas corpus intervention from this Court because, he also asserts, his federal sentence has expired.

Exhaustion of available non-judicial remedies is ordinarily required before a federal court will intervene. For example, prisoners seeking federal habeas corpus relief from state convictions must first exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b) and (c);

1

*Picard v. Connor*, 404 U.S. 270, 275 (1971).  The Supreme Court has held exhaustion requirement applies to petitions under 28 U.S.C. § 2242 as well as petitions under § 2254.  *Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973).  Civil rights actions seeking to remedy unconstitutional prison conditions are also subject to an exhaustion requirement under the Prison Litigation Reform Act.

Ealy complains that the administrative process is not fast enough and that he is entitled to immediate release.  But that is the claim of virtually every habeas corpus petitioner, to wit, the he or she is entitled to immediate release because they are being held unconstitutionally.  Congress has not provided a sufficient number of federal judges to provide instantaneous adjudication to all habeas corpus petitioners.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005).  There is no good reason why *Rhines* should not be applied to Bureau of Prisons determinations relating to custody.

Accordingly, this proceeding is STAYED pending the outcome of Petitioner's administrative appeal.  Petitioner shall advise the Court when that occurs and provide the Court with a copy of any final decision.

October 30, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge